UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRASAD NANNIPANENI and SUSEELA
NANNIPANENI,

    Plaintiffs,

v.

ASHLAND CAPITAL FUND 2, LLC and
ALLIED SERVICING CORPORATION,

    Defendants.
_____/

Case No. 24-cv-12990

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING DEFENDANT ASHLAND CAPITAL FUND 2, LLC'S**
**MOTION TO DISMISS (ECF No. 4)**

Plaintiffs Prasad and Suseela Nannipaneni bring suit to quiet title, and Defendant Ashland Capital Fund 2, LLC ("Ashland") moves to dismiss on the ground that Plaintiffs do not allege facts showing that it is guilty of laches. But laches is an affirmative defense and not an element of Plaintiffs' *prima facie* case. The Court shall deny Ashland's motion to dismiss.

**BACKGROUND**

Plaintiffs hold record title to a parcel of land in Bloomfield Hills, Michigan (the "Parcel"). Ashland holds a mortgage in the Parcel (the "Mortgage") that Plaintiffs gave in 2007 to secure a $160,000 note.[1] Whether Plaintiffs ever paid on that note is unclear, but "they never received any invoices for delinquent payments over the past seventeen years." (ECF No. 1, PageID.13).

---

[1] Plaintiffs also allege facts implying that the Mortgage was once junior to another mortgage that was redeemed from foreclosure.

1

In October 2021, Plaintiffs received a document stating that their outstanding liability on the Mortgage—nearly $240,000—had been discharged. Plaintiffs duly paid income taxes on this sum and presumed that the Mortgage was extinguished. But in September 2024, Plaintiffs received a "corrected" version of that document which reduced the amount discharged to $0. Ashland subsequently foreclosed the Mortgage by advertisement and an auction was scheduled for October 29, 2024.

This suit followed in Michigan's Sixth Circuit Court.[2] Plaintiffs seek orders: (1) declaring that the Mortgage is "void and of no legal effect" (Count I); (2) quieting title to the Parcel in their favor under Michigan's quiet-title statute (Count II); and (3) enjoining the Parcel from being auctioned pending the resolution of this suit (Count III).[3] (*Id.* at 15). This action was subsequently removed to this Court, and Ashland now moves to dismiss. Ashland's motion was fully briefed, and the Court now resolves it without oral argument pursuant to Local Rule 7.1(f)(2).

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2] Plaintiffs also named Allied Financial Services as a defendant, but Allied does not join the instant motion.

[3] It is unclear whether the auction of the Parcel that was scheduled for October 29, 2024, ever took place. But the Court cannot presume that it did in this posture because Plaintiffs allege only that the auction was *scheduled* to take place, and they have not supplemented their pleadings or moved for injunctive relief.

**ANALYSIS**

As a preliminary matter, Ashland asks the Court to consider numerous documents that it attached to its motion to dismiss. Ashland's documents indeed put some flesh on the bones of Plaintiffs' pleadings, and the documents appear to be public records. But as the following analysis makes clear, Ashland's motion should be denied regardless of whether the Court considers these documents. The Court accordingly does not address those documents here.

In its motion to dismiss, Ashland addresses Plaintiffs' quiet-title claim first. Michigan's quiet-title statute provides that "[a]ny person" who claims any "interest in" land "may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." Mich. Comp. Laws Ann. § 600.2932(1) (West 2010). Where, as here, a plaintiff brings suit to remove an alleged cloud from a title, the plaintiff is entitled to relief if the defendant "caused to be recorded an instrument which purports to give [him or her] an interest in [the] plaintiff['s] real estate"; such instrument "impairs the sales value of [the] plaintiff['s] property"; and "it is at least questionable if the title of [the] defendant[] is not prima facie better than" the plaintiff's." *Mark v. Bradford*, 23 N.W.2d 201, 205 (Mich. 1946) (quoting *Eaton v. Trowbridge*, 38 Mich. 454, 457 (1878)).

Here, Ashland does not address the strength of its title on the pleadings; Ashland argues that Plaintiffs' quiet-title claim fails because they do not plead facts showing that it is guilty of laches. Laches is an equitable doctrine that bars recovery by a plaintiff whose unjustifiable delay in bringing suit has rendered enforcement of his or her rights fundamentally unfair. *See Lothian v. City of Detroit*, 324 N.W.2d 9, 13–14 (Mich. 1982). But [l]aches is not, by any stretch of the imagination, an affirmative device. It is, instead, a cut-off measure, interposed as a defense designed to lay to rest claims which are stale as well as prejudicial to the defendant." *Id.* at 17. Thus, whether Ashland is guilty of laches would only matter here if Ashland had pled a

3

counterclaim against Plaintiffs, and Plaintiffs cannot prevail on their quiet-title claim by proving that Ashland is guilty of laches.  It follows that Ashland cannot prevail on its motion to dismiss by demonstrating that Plaintiffs do not plead that it is guilty of laches.

Ashland disagrees and cites an unpublished case where the Michigan Court of Appeals treated laches like an element of a *prima facie* quiet-title claim.  *See Henderson v. Amos Financial, LLC*, No. 366628, 2024 WL 4630296 (Mich. Ct. App. Oct. 30, 2024) (per curiam).  But that case relied on *Mitchell v. Dahlberg*, which only addressed whether a quiet-title plaintiff could prove that the defendant was guilty of laches because the defendant had brought a counterclaim for judicial forfeiture.  547 N.W.2d 74 (Mich. Ct. App. 1996) (per curiam).  *Mitchell* makes sense because a party's laches would bar him or her from seeking judicial forfeiture.  *Henderson*, on the other hand, never addressed the fact that laches is an affirmative defense.  *See also Mich. Educ. Emps. Mut. Ins. Co. v. Morris*, 596 N.W.2d 142, 152 (Mich. 1999) ("The doctrine of laches . . . generally acts to bar a claim entirely, in much the same way as a statute of limitation."); *Plasger v. Leonard*, 25 N.W.2d 156, 159 (Mich. 1946) (describing laches as "an affirmative defense"); *Kutschinski v. Zank*, 11 N.W.2d 881, 886 (Mich. 1943) (explaining that "laches is purely an equitable defense"); *Duck v. McQueen*, 248 N.W. 637, 638 (Mich. 1933) (stating that laches "[i]s only a bar to affirmative equitable relief prayed").

The only source of doubt is language in the papers implying that Plaintiffs believe they can make out their quiet-title claim by proving that Ashland is guilty of laches (*i.e.*, that Ashland unreasonably delayed in foreclosing the Mortgage and that injustice would result if the Parcel was sold at auction).[4]  As discussed above, that's wrong.  Whether Ashland is guilty of laches

---

[4] For example, the Complaint states that the Court should set aside the Mortgage "due to laches." (ECF No. 1, PageID.16).  And Plaintiffs maintain in their response to Ashland's motion

4

would only be relevant here if Ashland had brought a counterclaim for judicial forfeiture, *see, e.g.*, *Mitchell*, 547 N.W.2d at 74, and Ashland does not ask the Court to order that the Parcel be sold.  That Plaintiffs' theory of the case arguably fails as a matter of law does not mean, however, that Ashland's motion to dismiss should be granted.  Indeed, Ashland's motion to dismiss Plaintiff's quiet-title claim must be denied because it does not address whether Plaintiffs plead a quiet-title claim on other grounds.

Ashland's challenges to Plaintiffs' requests for declaratory and injunctive relief fare little better.  Ashland argues that the Court should deny these requests because declarations and injunctions are remedies, and Plaintiffs' only claim (their quiet-title claim) fails as a matter of law.  But even if Plaintiffs' requests for declaratory and injunctive relief are essentially derivative of their quiet-title claim, Ashland does not show that Plaintiffs fail to plead a quiet-title claim.  In sum, Counts I, II, and III survive Ashland's motion to dismiss.

## CONCLUSION & ORDER

Plaintiffs ask the Court to declare that the Mortgage is void, to quiet title to the Parcel in their favor, and to enjoin the Parcel from being auctioned pending the resolution of this suit.  Ashland moves to dismiss, and the thrust of Ashland's motion is that Plaintiffs fail to plead facts showing that it is guilty of laches.  But Plaintiffs cannot use laches offensively against Ashland, so any failure by them to allege facts which, if true, would show that Ashland is guilty of laches is irrelevant to whether they state a claim upon which relief may be granted.  Accordingly, **IT IS ORDERED** that Ashland's motion to dismiss (ECF No. 4) is **DENIED**.

---

that they "have stated a claim for quieting title based upon the application of laches."  (ECF No. 7, PageID.152).

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated:  March 10, 2025